# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REDWOOD HOLDINGS, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>POPULAR FUNDING AND REAL ESTATE, INC., and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:24-cv-00173-RBM-SBC<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION AND VENUE** |

　　　　On January 25, 2024, Defendant Popular Funding and Real Estate, Inc. ("Defendant") filed a Notice of Removal. (Doc. 1.) In the Notice of Removal, Defendant explains it is removing this case from the "Superior Court of Los Angeles, State of California." (*Id.* at 2.)[1] Attached to the Notice of Removal is Defendant's demurrer to the whole complaint filed in the Superior Court for the State of California, County of Los Angeles. (Doc. 1-2 at 1.) The subject property at issue in that demurrer is located in

---

[1] The Court cites the CM/ECF pagination unless otherwise noted.

1

"Downey, CA 92040." (*Id.*)  Also attached to the Notice of Removal is Plaintiff Redwood Holdings, LLC's ("Plaintiff") Complaint, which was filed in the "Superior Court of California, County of Los Angeles" on December 20, 2023. (*Id.* at 13.)

In the Notice of Removal, Defendant lists its basis for subject matter jurisdiction as "'True Bill' by respondent in support of Legislative Act, By Caveat Judicial Notice 28 USC 1446-sec. 576 which grants Removal to Defendants." (Doc. 1 at 1–2.)  In Defendant's Civil Cover Sheet, it lists the basis of jurisdiction as federal question and the cause of action as arising under "12 U.S.C., PAR. 6201." (Doc. 1-1.)

## I. DISCUSSION

A civil case brought in state court can be removed to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441.  A removed case may be remanded for lack of subject matter jurisdiction at any time before final judgment.  28 U.S.C. 1447(c).  "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (identifying narrow exceptions based on specific federal statutes and preemption).  "We strictly construe the removal statute against removal jurisdiction." *Gaus v. Miller*, 980 F.2d 564, 566 (9th Cir. 1992).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (internal quotation marks and citations omitted).

**A. Subject Matter Jurisdiction**

Defendant asserts that the basis for subject matter jurisdiction is federal question jurisdiction, not diversity jurisdiction. (*See* Doc. 1-1.)  Without diversity of citizenship a federal court has subject matter jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–113 (1936)).

Upon an initial review of Defendant's Notice of Removal and Civil Cover Sheet, as well as Plaintiff's Complaint, there does not appear to be a proper basis for federal question

jurisdiction. Plaintiff's Complaint relies exclusively on state law and does not assert a federal question. Defendant fails to explain in its Notice of Removal how an alleged true bill arising under "28 USC 1446-sec. 576" grants this Court subject matter jurisdiction nor is the Court able to identify any such basis in the text of 28 U.S.C. § 1446. (*See* Doc. 1 at 1–2.) Nor is the Court able to locate "12 U.S.C., PAR. 6201," Defendant's listed cause of action in the Civil Cover Sheet. (*See* Doc. 1-1.) Even if Defendant means to argue it has a defense to an unlawful detainer action grounded in federal law, "the existence of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (citation omitted).

**B. Venue**

Upon an initial review of Defendant's Notice of Removal and Civil Cover Sheet, as well as Plaintiff's Complaint, it appears that venue is improper in this District. Under the Federal Rules of Civil Procedure, a civil case may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper in the district where the case was filed, a district court has discretion to transfer the action to a district where the case "might have been brought" "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a).

"[T]he Court may sua sponte raise improper venue so long as the defendant has not filed a responsive pleading and the parties are provided with an opportunity to respond to

the issue." *Eliason v. U.S. Dep't of Justice*, No. CV 20-00257 JAO-WRP, 2020 WL 3258407, at *1 (D. Haw. June 16, 2020) (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citations omitted)).

Here, there does not appear to be any basis for venue in the Southern District of California.  Plaintiff filed its Complaint in the Superior Court for the State of California, County of Los Angeles.  Additionally, the subject property is located in Downey, California in Los Angeles County, which is in the Central District of California, Western Division.  Based on these facts, it appears venue may be proper in the Central District of California, Western Division, not the Southern District of California.  *See* 28 U.S.C. § 1391(b).

## II.    CONCLUSION

Accordingly, Defendant is **ORDERED TO SHOW CAUSE** by **February 16, 2024** why this action (1) should not be remanded for lack of subject matter jurisdiction and (2) should not be remanded or transferred for improper venue.  Defendant must file a response to this Order explaining why subject matter jurisdiction and venue in the Southern District of California are proper.  **Defendant is cautioned that if it does not file any response to this Order by the deadline, this action will be remanded**.

**IT IS SO ORDERED**.

DATE:  January 29, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE